# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MELISSA BUSH, individually and on behalf of others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) GREAT CIRCLE, ) ) Defendant. ) | Case No. _____ **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Melissa Bush, individually and on behalf of all others similarly situated, for her Complaint against Defendant Great Circle, states and alleges as follows:

### Nature of Claims

1. Defendant provides behavioral health services from various locations around the State of Missouri. Defendant employed Plaintiff and other foster care managers to provide those services. During relevant time periods preceding this action, Defendant failed to pay Plaintiff and its other foster care managers required wages and overtime premiums, even though Defendant expressly recognized that they were "non-exempt" from the overtime wage requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq.* Such unlawful actions were instituted for the primary benefit of Defendant. As such, Defendant received unpaid labor from its foster care managers. Defendant's failure to pay its foster care managers overtime compensation violates the FLSA and the MMWL.

### Jurisdiction and Venue

2. Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on

behalf of herself and all other similarly situated foster care managers employed by Defendant in the last three years. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claim of Plaintiff and other similarly situated foster care managers is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331 (federal claim jurisdiction).

3. Plaintiff brings Counts II through V of this lawsuit as a class action pursuant to R.S. Mo. § 290.527, Missouri common law, Fed. R. Civ. P. 23 and 28 U.S.C. § 1367 (pendent claim jurisdiction).

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), because Defendant maintains its principal place of business within this District, conducts business in this District, employed Plaintiff within this District, and substantial unlawful conduct giving rise to the claims occurred in this District and this Division.

**Parties**

5. Plaintiff Melissa Bush resides this District and she worked for Defendant as a foster care manager from approximately September 2, 2014 to approximately April 20, 2017. Plaintiff Bush's consent to join this action is attached hereto as "Exhibit 1."

6. Defendant Great Circle is a Missouri not-for-profit corporation which maintains its principal place of business in District, which is registered and authorized to transact business in the State of Missouri, and which transacts business in the Central Division of the Western District of Missouri.

**General Allegations**

7. During relevant times, Defendant has operated a behavioral health services organization which, among other things, provides foster care services throughout Missouri.

2

8. Defendant expressly recognizes in its written "Position Description" for the position of "Foster Care Manager" held by Plaintiff that the position is "Non-Exempt" from overtime wage laws. *See* Exhibit 2 ("Position Description"), attached hereto.

9. Defendant did not pay Plaintiff wages and overtime premiums for work she performed in excess of 40 hours per week.

10. Based on information and belief, Defendant likewise failed to pay wages and overtime premiums to its other foster care managers for work they performed in excess of 40 hours per week.

11. The net effect of Defendant's policies and practices, instituted and approved by Defendant's corporate management, is that Defendant willfully failed to pay required wages and overtime premiums to Plaintiff and its other foster managers in violation of the FLSA and the MMWL.

### Collective and Class Action Allegations

12. Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

13. Plaintiff, individually and on behalf of other similarly situated foster care managers employed by Defendant, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practices of failing to pay its foster care managers required wages and overtime premiums for overtime hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

14. Plaintiff brings Counts II through V as a class action pursuant to Fed.R.Civ.P.23, on behalf of herself and as the Class Representative of the following persons (the "Class"):

> All current and former foster care managers employed by Defendant in Missouri within the applicable statutes of limitations.

15. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated foster care managers who do not opt-out of the class.

16. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

17. The class satisfies the numerosity standards. The Class consists of at least dozens of persons who may be geographically dispersed. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail and/or other methods.

18. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

   (i) Whether Defendant failed to pay Class members wages and overtime required under R.S. Mo. § 290.500 *et seq.*;

   (ii) Whether Defendant failed to fully and accurately record the hours worked each day and each workweek by Class members as required under R.S. Mo. § 290.520;

   (iii) Whether Defendant edited the Class members' records of work time to avoid paying wages and overtime premiums in violation of R.S.Mo. § 290.520;

   (iv) Whether contracts existed between Defendant and Class members requiring payment of wages;

   (v) Whether Defendant breached and violated Contracts with Class members

by failing to pay wages for time worked;

  (vi) Whether Defendant is liable to Class members pursuant to quantum meruit; and

  (vii) Whether Defendant has been unjustly enriched by its failure to pay Class members for time worked.

19. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

20. Plaintiff's claims are typical of those of the Class in that Class members have been employed in the same or sufficiently similar foster care manager positions as Plaintiff and she was subject to the same unlawful practices as the Class.

21. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant and/or substantially impairing or impeding the ability of Class members to protect their interests.

22. Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

23. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**Count I: Violation of the Fair Labor Standards Act of 1938**

24. Plaintiff reasserts and re-alleges the allegations set forth above.

25. The FLSA regulates, among other things, the payment of wages and overtime premiums to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

26. Defendant is subject to the overtime pay requirements of the FLSA, 29 U.S.C. § 201 *et seq.*, because it is an enterprise engaged in interstate commerce and its foster care managers are engaged in commerce.

27. At all times material herein, Plaintiff and other similarly situated foster care managers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

28. The FLSA exempts certain categories of employees from overtime wage and other obligations, none of which apply to Plaintiff and other similarly situated foster care managers. 29 U.S.C. § 213.

29. Defendant suffered or permitted Plaintiff and other foster care managers to work without required overtime pay in that Defendant failed to compensate them at a rate of at least one

and one half times their regular rate for time worked in excess of forty hours per workweek.

30. As a result of Defendant's policy and practice, as aforesaid, Plaintiff and other foster care managers were denied overtime compensation due.

31. Upon information and belief, the same unlawful compensation policy is applied to all of Defendant's foster care managers.

32. Plaintiff and all similarly situated foster care managers are entitled to damages equal to the mandated overtime compensation earned within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

33. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated foster care managers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay as permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay overtime compensation, Plaintiff and all similarly situated foster care managers are entitled to an award of prejudgment interest at the applicable legal rate.

34. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated foster care managers. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated foster care managers demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys'

fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of the Missouri Minimum Wage Law

35. Plaintiff reasserts and re-alleges the allegations set forth above.

36. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWL.

37. The MMWL regulates, among other things, the payment of wages and overtime premiums by employers, subject to limited exemptions not applicable herein.  R.S. Mo. §§ 290.500(3) & (4) & § 290.505.1.

38. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  R.S. Mo. § 290.505.1.

39. During all times relevant to this action, Defendant was the "employer" of Plaintiff and the Class within the meaning of the MMWL.  R.S. Mo. §§ 290.500(3) & (4).

40. During all times relevant to this action, Plaintiff and the Class were Defendant's "employees" within the meaning of the MMWL.  R.S. Mo. §§ 290.500(3).

41. The MMWL exempts certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to Plaintiff and the Class.  R.S. Mo. §§ 290.500(3).

42. Defendant violated the MMWL by refusing and failing to pay Plaintiff and the Class required wages and overtime premiums for work they performed in excess of 40 hours per workweek.  R.S. Mo. § 290.505.1.

43. Plaintiff and the Class are entitled to damages equal to all unpaid regular and overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

44. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

45. Defendant is liable pursuant to R.S. Mo § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and similarly situated foster care workers demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Count III – Breach of Contract

46. Plaintiff reasserts and re-alleges the allegations set forth above.

47. During times relevant, Plaintiff and all others similarly situated entered into contracts with Defendant whereby such persons agreed to perform services as part of their employment by Defendant and Defendant agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

48. Defendant breached and violated the Contracts by failing to pay Plaintiff and all others similarly situated for time worked.

49. Prior to Defendant's breach and violation of the Contracts, Plaintiff and all others similarly situated performed their duties under the Contracts.

50. As a direct result of Defendant's violations and breaches of the Contracts, as aforesaid, Plaintiff and all others similarly situated have been damaged.

51. Plaintiff and all similarly situated foster care managers are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling which are not recoverable under the FLSA or MMWL.

52. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated foster care workers demand judgment against Defendant and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

### Count IV – Quantum Meruit

53. Plaintiff reasserts and re-alleges the allegations set forth above.

54. Defendant recognized the benefits conferred upon it by Plaintiff and others similarly situated.

55. Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

56. Defendant has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

57. The payment requested by Plaintiff and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

58. Should the Court find no applicable contract between Plaintiff and/or other foster

care managers and Defendant, Plaintiff and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling which are not recoverable under the FLSA or MMWL.

59. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated foster care managers demand judgment against Defendant and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## Count V – Unjust Enrichment

60. Plaintiff reasserts and re-alleges the allegations set forth above.

61. Plaintiff and others similarly situated conferred benefits on Defendant and Defendant received such benefits conferred upon them by Plaintiff and those similarly situated.

62. Defendant appreciated the fact of the benefits.

63. Defendant accepted and retained the benefits in circumstances that render such retention inequitable.

64. Defendant has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

65. Should the Court find no applicable contract between Plaintiff and/or other foster care managers and Defendant, Plaintiff and all similarly foster care workers are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling which are not recoverable under the FLSA or MMWL.

66. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment

interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiff and all similarly situated foster care workers demand judgment against Defendant and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,
**WEINHAUS & POTASHNICK**
    /s Mark Potashnick
Mark A. Potashnick (Mo. Bar # 41315)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone:   (314) 997-9150
Facsimile:   (314) 997-9170

and

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh, MBE # 43061 (PHV Apl. Forthcoming)
Liberman, Goldstein & Karsh
230 South Bemiston, Suite 1200
St. Louis, Missouri 63105
Telephone: (314) 862-3333 ext. 13
Facsimile: (314) 862-0605

**Attorneys for Plaintiffs**